George D. DANCY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15485.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 29, 1960.

Decided March 17, 1960.

Mr. Charles A. Hobbs (appointed by this court), Washington, D. C., for appellant.

Miss Doris H. Spangenburg, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

Appellant was convicted on all five counts of an indictment charging him with violation of the federal narcotic laws, 26 U.S.C. §§ 4741(a), 4742(a), and 4744(a) (1958). On the charges in counts 3 and 4 his defense was entrapment. Testimony of the federal agent said to have entrapped him was admitted over appellant's objection that it was hearsay. The agent testified that (1) he had been told by one Jimmy Ansback that defendant had purchased marihuana from one Tony Vasquez, (2) he had been told by Tony Vasquez that Vasquez had "smoked pot" with defendant and was going with him to New York to purchase marihuana, and (3) a named woman told him on occasions that defendant had given her and others marihuana cigarettes to smoke.

Were this evidence admissible on a theory that it was not hearsay because not offered testimonially, a question we do not decide, its highly prejudicial character on the issue of guilt under all five counts required the court to instruct the jury carefully and clearly as to the limited relevance of the testimony. The court did instruct the jury that it was admitted for the sole purpose, on the issue of entrapment, to show "there was no scheme laid or nothing that would savor from the anger [sic] of the government for it, of entrapment; that he knew from conversations that he had with others concerning the defendant, and that was the sole purpose of which that hearsay testimony was permitted." This unclear instruction we think fell short of the requirements. For this reason we shall reverse and remand. On the remand it might develop that the controversial question of admissibility will not arise again since the indict-

ment contains five counts with respect to some of which the issue of entrapment was not raised. Accordingly we leave this question to abide future events.

We have considered but cannot sustain the contention of appellant that error occurred in the alleged denial to him of compulsory process. Cf. Brandon v. United States, 106 U.S.App.D.C. 118, 270 F.2d 311, 317 (concurring opinion).

Reversed and remanded.